Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, Michael Friedman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Friedman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION, and DOES 1-10 Inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. C. § 1788 *et seq.*)<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>(4) Breach of Contract<br>(5) Conversion<br><br>**Jury Trial Demanded** |

Class Action Complaint

Plaintiff Michael Friedman ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

**NATURE OF THE ACTION & COMMON ALLEGATIONS OF FACT**

1. Plaintiff brings this class action Complaint against Defendant PHH MORTGAGE CORPORATION (hereinafter "Defendant" or "PHH") to stop Defendant's illegal practice of changing the index associated with the interest rates on its customers mortgages, such as Plaintiff, and then charging its customers the significantly higher interest rate as a result of its premature swap.

2. Plaintiff had a mortgage with PHH which had its interest rate linked to the London Inter-Bank Offered Rate ("LIBOR") ("the Class Mortgages").

3. While LIBOR is in the process of winding down and will cease to exist for certain currency and lengths on December 31, 2021 and the remaining lengths on June 30, 2023, the Class Mortgages provide that PHH can only change the index associated with the mortgage after the currently used rate is no longer published or available.

4. Despite this, PHH began charging consumers, such as Plaintiff, using the WSJ Prime Rate, which is approximately 2.1% higher than LIBOR. As a result, Defendant has been collecting unlawful and unauthorized interest from Plaintiff and similarly situated consumers.

5. Plaintiff seeks to obtain redress for a California class of consumers ("Class Members") who have Class Mortgages on which PHH has been charging interest based on an index other than LIBOR contrary to the written terms of the contract within the applicable statute of limitations period.

6. Defendant represented to Class Members that it would charge interest based on LIBOR and that it would not change the index unless LIBOR became unpublished or otherwise unavailable.

7. Plaintiff and others similarly situated viewed and relied on these

representations in agreeing to have PHH write and service their mortgages.

8. These representations were misrepresentations in instances where Defendant changed the index rate of Plaintiff and Class Members from LIBOR to another index prematurely.

9. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to agree to have a mortgage with Defendant at a certain interest rate and resulted in them overpaying Defendant when Defendant changed the index associated with the Class Mortgages.

10. Defendant took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

11. Defendant profits from the unauthorized interest rate increase by collecting interest it was not entitled to under its mortgage contracts with Plaintiff and Class Members. If Defendant had informed consumers of this policy, many of the consumers would not have agreed to enter into mortgages with Defendant which stated that they would charge based off LIBOR and would not change until LIBOR became unpublished or unavailable.

12. Consumers are unable to ascertain that Defendant will engage in this practice based on the representations of Defendant.

13. The aforementioned practice is objectively false and constitutes an unlawful, unfair, or deceptive business practices under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et. seq. ("UCL"), and also violates the California Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. ("CLRA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. §§ 1788 et. seq. ("RFDCPA"), conversion, and breach of contract.

14. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease its illegal practices and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

15. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

16. This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California. A substantial portion of the events giving rise to Defendant's liability took place in this district as Plaintiff resides in this district and the mortgage at issue is for property within this district.

17. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

18. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a California class of consumers against Defendant which is a New Jersey Corporation with its headquarters in New Jersey, establishing minimum diversity.

## THE PARTIES

19. Plaintiff Michael Friedman is a citizen and resident of the State of California, County of Los Angeles and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

20. Defendant PHH MORTGAGE CORPORATION is a New Jersey

Page 3
CLASS ACTION COMPLAINT

Corporation with its headquarters in Mount Laurel, New Jersey that is licensed to do business in the State of California and that does business in California, including in the County of Los Angeles. Defendant is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

21. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

22. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

23. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

24. On April 22, 2005, Plaintiff entered into an Adjustable Rate Note with GreenPoint Mortgage Funding, Inc. based on the LIBOR Six-Month Index for his property located in Thousand Oaks, California 91362.

25. Pursuant to the mortgage, the interest rate Plaintiff may change on the 1st day of May and November, beginning May 2008.

26. Further, the mortgage provided that the "interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market based on the quotations of major banks, as published by the Wall Street Journal."

27. Further, the mortgage notes "[i]f the Index is no longer available, or is no longer published, the Note Holder will choose a new index that is based upon comparable information [and] [t]he Note Holder will give [Plaintiff] notice of this choice."

28. Thereafter, the mortgage was transferred to Ocwen Loan Servicing, LLC and, thereafter, on April 1, 2019, was transferred again to Defendant PHH who currently services the Class Mortgages.

29. On or about July 2017, the Financial Conduct authority announced that one-week and two-month US dollar LIBOR would end on December 31, 2021 and the remaining US dollar settings, such as Plaintiff's six-month LIBOR, would end June 30, 2023.

30. Despite this, beginning on or about August 2020, Defendant changed the Index on Plaintiff's Class Mortgage from LIBOR, which is .45%, to the WSJ Prime Index, which is 3.25%.

31. Such change is contrary to and was not authorized by Plaintiff's Class Mortgage on which Defendant is servicing.

32. As a result of Defendant's unauthorized change, Plaintiff has had to pay Defendant approximately $900 in extra interest per month.

33. As a result, Defendant has wrongly converted funds of unauthorized interest payments from Plaintiff and Class Members.

34. Further, Defendant has breached its contract with Plaintiff and Class

Members.

35. Such tactics as used by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

36. Defendant expressly represented to Plaintiff, through its Class Mortgage, that it would not change the Index until LIBOR ceased being available.

37. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to permit Defendant to service their Class Mortgages.

38. Plaintiff would not have agreed to allow Defendant to service his mortgage if he knew that the above-referenced statements made by Defendant were false.

39. Plaintiff gave his money to Defendant because of the representation regarding the Class Mortgages. Defendant benefited from charging unauthorized interest by changing the Index. Plaintiff received no benefit from the overcharge price which was contrary to the terms of his Class Mortgage. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

40. Had Defendant properly represented its handling of the Class Mortgages, no reasonable consumer who had a mortgage serviced by Defendant would have believed that Defendant would not overcharge interest on the Class Mortgages.

**CLASS ACTION ALLEGATIONS**

41. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

42. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All California consumers who, between the applicable statute of limitations and the present, had a Class

Mortgage service by Defendant where Defendant charged interest based on an Index other than LIBOR within four years prior to the date of filing of the Complaint.

43. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

44. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

45. The Class Period is defined as four years prior to the date of filing for this Complaint and the present.

46. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

47. Upon information and belief, the proposed class is composed of hundreds of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

48. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

49. Rather, all claims in this matter arise from the identical, false representations that consumers would be charged the price of the Substitute Goods instead of the price of the originally selected goods, when in fact, such representations were false.

50. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in charging interest on an Index other than LIBOR to Plaintiff and other Class Members;

    (b) Whether Defendant profited from such practice;

    (c) Whether Defendant violated California Bus. & Prof. Code §

17200, *et seq.*, California Civ. Code § 1750, *et seq.*, and California Civ. Code § 1788, *et seq.*;

 (d) Whether Defendant improperly converted funds of or breached its contract with Plaintiff and Class Members;

 (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

 (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

 (g) The method of calculation and extent of damages for Plaintiff and Class Members.

51. Plaintiff is a member of the class he seeks to represent

52. The claims of Plaintiff are not only typical of all class members, they are identical.

53. All claims of Plaintiff and the class are based on the exact same legal theories.

54. Plaintiff has no interest antagonistic to, or in conflict with, the class.

55. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff had a Class Mortgage linked to LIBOR which Defendant without authorization and contrary to its contract changed the Index for and charged increased, unauthorized interest during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

56. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violation of the Rosenthal Fair Debt Collection Practices Act
### (Cal. Civ. Code § 1788 *et seq*.)

58. Plaintiff incorporates by reference each allegation set forth above.

59. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

60. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a. Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

   b. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

   c. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f);

   d. Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

   e. Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1)).

61. As a result of the above violations of the RFDCPA, Defendant is

liable to Plaintiff and the Class for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

62. Plaintiff incorporates by reference each allegation set forth above.

63. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

64. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing

and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to overcharge them for interest on their Class Mortgages. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

67. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class to permit Defendant to service their Class Mortgages. In fact, knowing that it would overcharge interest contrary to the Index rates, Defendant unfairly profited from their servicing, in that Defendant knew that the expected benefit that Plaintiff would receive from the Class Mortgages is less than what they actually received. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

68. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Mortgages, these consumers suffered injury in fact due to Defendant's overcharging interest after the fact. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class Members. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

69. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

70. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

71. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to have Defendant service his Class Mortgage under the basic assumption that he would appropriately be charged pursuant to the terms of the Class Mortgage. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

73. As explained above, Defendant deceived Plaintiff and other Class Members by misrepresenting the Index it would charge interest on for the Class Mortgages, when in fact they were overcharged by Defendant.

74. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

75. California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

76. As explained above, Defendant violated the Rosenthal Fair Debt Collection Practices Act, which makes its practices unlawful.

77. Defendants' practices additionally violated the Consumer Legal Remedies Act, as noted below, which also makes its practices unlawful.

78. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq*.)

79. Plaintiff incorporates by reference each allegation set forth above herein.

80. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

   a. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

   b. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

81. Pursuant to *Cal. Civ. Code* §1782(d), Plaintiff brings this cause of action for injunctive relief only at this time, but retains the right to amend his

complaint without leave of court to include a request for damages thirty (30) days after compliance with *Cal. Civ. Code* §1782(a).

## FOURTH CAUSE OF ACTION

### Breach of Contract

82. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

83. Plaintiff and the Class and Defendant entered into a contract which was assume by Defendant for which Defendant would service the Class Mortgages pursuant to the terms of the Class Mortgages in exchange for money.

84. Plaintiff and the Class made payments to Defendant and thus complied with their Class Mortgages.

85. Defendant failed to perform under the contract by charging Plaintiff and the Class increased and unauthorized interest contrary to the Index contained within the Class Mortgage.

86. Plaintiff and the Class have been harmed by Defendant's failure because they have paid unowed interest for no benefit.

87. Defendant's breach of contract was a substantial factor in causing Plaintiff's and the Class's harm.

## FIFTH CAUSE OF ACTION

### Conversion

88. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

89. Defendant have charged Plaintiff and the Class for unauthorized interest and have taken money for such interest without basis. As a result, Defendant has wrongfully converted those payments to its own use.

90. Plaintiff and the Class did not consent to Defendant's retention of their payments for interest which was not owed under the Class Mortgages.

91. At all times relevant hereto, Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff and the Class.

92. As a proximate result of Defendant's actions, Plaintiff and the Class have been deprived of money.

## MISCELLANEOUS

93. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

94. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

95. Plaintiff, on behalf of himself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the unauthorized interest on the Class Mortgages during the relevant class period;

    (e) Punitive damages, as allowable, in an amount determined by the Court or jury;

    (f) Any and all statutory enhanced damages;

    (g) All reasonable and necessary attorneys' fees and costs provided

by statute, common law or the Court's inherent power;

  (h) Pre- and post-judgment interest; and

  (i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  March 11, 2021  Respectfully submitted,

    LAW OFFICES OF TODD M. FRIEDMAN , PC

    By: _____
    TODD M. FRIEDMAN, ESQ.
    Attorney for Plaintiff Michael Friedman